## Thomas v. Hershey Chocolate Co.

C.P. of Dauphin County, no. 3244 S 1993.

*Keith E. Kendall,* for plaintiff.
*Elizabeth A. Dougherty* and *Amy M. Buxbaum,* for defendant.

*EN BANC,* KLEINFELTER, LEWIS and CLARK, *JJ.*

LEWIS, *J.,* January 9, 1997—On January 10, 1990, the plaintiff, Carolyn Thomas, filed a complaint alleging discrimination by her former employer, Hershey Chocolate Company, with the Pennsylvania Human Relations Commission. The PHRC dismissed plaintiff's complaint and on August 19, 1993, Ms. Thomas initiated suit, charging Hershey with sex and race discrimination, constructive discharge and failure to maintain a safe work place. By order dated August 6, 1994, this court dismissed the claim of failure to maintain a safe work place. Defendant now seeks relief on a motion for summary judgment. The pertinent facts follow:

Plaintiff was employed at Hershey's plant from 1978 to 1987. In 1987, plaintiff took a two-year leave of absence due to injuries she suffered in an automobile accident. Plaintiff returned to work in 1989 and continued to work for Hershey until April of 1990. Plaintiff Thomas alleges in her complaint that a Mr. Stroud, another Hershey employee, engaged in the following acts of harassment and intimidation against the plaintiff and that these acts created a hostile work environment for her at defendant's plant:

(1) In 1979 or early 1980, co-worker Willie Stroud asked plaintiff to go out for a drink with him while the two were working at defendant's plant. Following plaintiff's refusal to go out with Mr. Stroud, Mr. Stroud began a continuous campaign of physical and psychological harassment and intimidation of the plaintiff.

(2) In 1980, Mr. Stroud physically attacked plaintiff, choked her and attempted to push her over an eight-foot

elevated balcony, which she reported to her supervisor. The employees' supervisor suspended both Mr. Stroud and plaintiff for one day and categorized the incident as "horseplay." Plaintiff filed a charge of harassment before a district justice, and Mr. Stroud was found guilty and fined.

(3) Throughout the entire period from 1980 through September of 1989, Mr. Stroud continuously and clearly intimidated plaintiff and psychologically harassed her by following her, watching her and staring at her throughout defendant's plant.

(4) Defendant took no corrective action despite repeated reports of harassment by Mr. Stroud and plaintiff was forced to change jobs several times from 1980 to 1989, in an attempt to avoid Mr. Stroud. When plaintiff transferred to another floor, Mr. Stroud harassed and intimidated her by leaving his own floor to go to plaintiff's department to watch her. When plaintiff reported this, defendant took no corrective action.

(5) On September 26, 1989, Mr. Stroud attacked plaintiff and her mother with a metal pipe in the supervisor's office at the defendant's plant. Mr. Stroud injured the plaintiff's mother; and as a result of the attack, Mr. Stroud was charged with assault. This charge was ultimately reduced by the district justice to summary harassment.

Defendant asserts that after the September 26, 1989 incident, Mr. Stroud was immediately suspended from work for two months. Defendant maintains that it entered into a last chance agreement with Mr. Stroud and, pursuant to that agreement, he was placed on probation for five years during which time he would be discharged for any violation of defendant's work rules.

On March 29, 1996, defendant filed a motion for summary judgment seeking relief on five issues. To begin, defendant claims that the plaintiff failed to file a timely complaint with PHRC involving the alleged

incidents with Mr. Stroud which occurred before July 14, 1989, the date 180 days prior to the filing. Defendant contends that any claim of discrimination before that date would be time barred. Defendant next claims that the plaintiff failed to establish the elements of her hostile work environment claim. In addition, defendant claims that the plaintiff failed to establish that she was constructively discharged from the defendant's employment. Finally, defendant argues that plaintiff did not meet the requirements needed to establish a claim for constructive discharge and that plaintiff is not entitled to back pay.

Summary judgment is appropriate under Pa.R.C.P. 1035, if the non-moving party fails to produce sufficient evidence that establishes he or she has a claim before the court. In *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996), the Pennsylvania Supreme Court held that for a court to grant summary judgment pursuant to Pa.R.C.P. 1035: "a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 101-102, 674 A.2d at 1042. Therefore, to defeat summary judgment, plaintiff Thomas must produce enough evidence to demonstrate that on each claim there is a genuine issue of material fact which would allow a jury to hear her case. For the following reasons, this court denies defendant's motion for summary judgment.

## I. TIMELINESS OF PLAINTIFF'S CLAIMS

Defendant claims that plaintiff's alleged incidents with Mr. Stroud occurring before July 14, 1989, should be time barred. The Pennsylvania Human Relations Act requires that a complainant filing charges of sexual

harassment against an employer must do so within 180 days of any alleged act of discrimination. 43 P.S. §959(h). However, this filing requirement is subject to an "equitable exception" known as the "continuing violation theory." See *West v. Philadelphia Electric Co.,* 45 F.3d 744, 754 (3d Cir. 1995). Under this theory, "[a] plaintiff may pursue a title VII claim for discriminatory conduct that began prior to the filing period if [she] can demonstrate that the act is part of an ongoing practice or pattern of discrimination [by the harasser]. See *West, supra,* 45 F.3d at 754. The court further states:

"To establish that a claim falls within the continuing violation theory, the plaintiff must do two things: First, he must demonstrate that at least one act occurred within the filing period: 'the crucial question is whether any present violation exists.' (citations omitted) [Second,] the plaintiff must establish that the harassment is more than the occurrence of isolated or sporadic acts of intentional discrimination." *Id.* at 755.

In order to determine if the conduct complained of is more than an isolated occurrence, *West* suggests an examination of: "(i) subject matter—whether the violations constitute the same type of discrimination; (ii) frequency; and (iii) permanence—whether the nature of the violations should trigger the employee's awareness of the need to assert her rights and whether the consequences of the act would continue even in the absence of continuing intent to discriminate." *Id.* at 755 n.9.

There is no dispute that at least one incident occurred within the filing period. Plaintiff's September 26, 1989 claim filed on January 10, 1990 falls within the proscribed statutory filing period. However, a dispute exists as to whether the September 26, 1989 incident along with the other incidents alleged by the plaintiff show "an ongoing pattern of discrimination." This court finds

that genuine issues of material fact exist as to whether plaintiff's allegations constitute a continuing violation. The plaintiff has provided sufficient evidence to show that Mr. Stroud engaged in the same type of harassment against plaintiff over several years. From 1980 to 1987, and then again in 1989, Mr. Stroud engaged in several incidents of physical and psychological harassment against plaintiff. The record does not suggest that these incidents were trivial, nor were they isolated occurrences.

In addition, this court also finds that plaintiff's rights were not triggered by her request to transfer to other departments to avoid Mr. Stroud's harassment. A request to transfer to another department is not similar to a discrete event such as an involuntary job loss or demotion that triggers an employee's awareness that she has a right to bring a claim against her employer. See *West*, 45 F.3d at 756.

## II. PLAINTIFF'S HOSTILE ENVIRONMENT CLAIM

A plaintiff must establish five elements to prove that she was subjected to a hostile work environment by her employer. The requirements to be demonstrated are that:

"(1) the employee suffered intentional discrimination because of the employee's sex or race;

"(2) the discrimination was pervasive and regular;

"(3) the discrimination detrimentally affected the plaintiff;

"(4) the discrimination would detrimentally affect a reasonable person of the same sex or same race in that position; and

"(5) the existence of respondeat superior liability." See *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1482 (3d Cir. 1990).

The parties do not dispute the third element as to whether the discrimination detrimentally affected the plaintiff. However, defendant claims that plaintiff has failed to allege sufficient evidence to establish the other four elements of her hostile environment claim.

Defendant first argues that plaintiff has failed to show that she was intentionally discriminated against because of sex or race. Plaintiff is an African-American female. In reviewing the record, this court finds that there is no merit to the plaintiff's race claim and accordingly this court dismisses this claim from Count I of plaintiff's complaint. This court also finds that plaintiff failed to allege sufficient facts that she was discriminated against on the basis of sex by either defendant or Mr. Stroud.

Initially, the plaintiff does not assert that Mr. Stroud harassed her because of her sex, nor does plaintiff give specific instances to show that the defendant treated male employees differently from female employees in handling harassment complaints. Therefore, this court grants plaintiff leave to amend on this issue to show that either defendant or Mr. Stroud discriminated against the plaintiff because of her sex.

Secondly, defendant argues that the plaintiff has failed to show that the discrimination complained of by plaintiff was pervasive and regular, and that a reasonable person in plaintiff's position would have been detrimentally affected by Mr. Stroud's behavior. This court disagrees in both respects. This court finds that the plaintiff has produced sufficient evidence to show that Mr. Stroud engaged in an ongoing pattern of inappropriate conduct toward the plaintiff. From 1980 to 1987, and then in 1989, Mr. Stroud physically and psycho-

logically attacked the plaintiff. In these instances of physical violence against plaintiff, Mr. Stroud has been found guilty of some form of criminal harassment. Plaintiff maintains that she has suffered both physical and emotional trauma from Mr. Stroud's behavior. This court finds that a jury could reasonably conclude that a person similarly situated to the plaintiff would have been equally affected by Mr. Stroud's behavior.

Lastly, the defendant argues that plaintiff has failed to allege circumstances sufficient to establish respondeat superior liability. Under respondeat superior liability, an employer is liable for the creation of a hostile work environment by an employee if the employer "knew or should have known of the harassment and failed to take prompt remedial action." *Andrews,* 895 F.2d at 1486. This court finds that a jury could determine that the plaintiff has adequately demonstrated that defendant knew or should have known of the harassment by Mr. Stroud and that defendant failed to take prompt remedial action.

Plaintiff Thomas points to evidence that shows the defendant's supervisory staff knew of plaintiff's problems with Mr. Stroud. Plaintiff's attorney sent defendant a letter in 1985 notifying Hershey of the harassment. Plaintiff also points to evidence in the record that shows she has complained numerous times to the supervisory staff about Mr. Stroud's behavior. Accordingly, plaintiff has met her burden in showing that a genuine issue of material fact exists as to whether defendant knew or should have known of the harassment complained of by plaintiff.

The record also reveals that defendant may have failed to take prompt remedial action after it was put on notice of Mr. Stroud's harassment. Plaintiff maintains that defendant failed to adequately respond to Mr. Stroud's harassment. Plaintiff claims that defendant responded

by either doing nothing about the harassment, counseling the plaintiff or transferring the plaintiff to another department. The defendant counters that it adequately responded to Mr. Stroud's harassment because Hershey granted plaintiff's request to transfer to other departments and because it took immediate action after the September 26, 1989 incident. After this incident, defendant suspended Mr. Stroud from work for two months and entered into a last chance agreement with him, by which he was placed on probation for five years. This court finds that this issue is for the trier of fact to decide whether defendant Hershey as the employer of plaintiff took the appropriate action.

## III. PLAINTIFF'S CONSTRUCTIVE DISCHARGE CLAIM

To establish a claim of constructive discharge, a plaintiff must show that the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person would be forced to resign. *Stewart v. Weis Markets Inc.,* 890 F. Supp. 382, 391 (M.D. Pa. 1995). Defendant Hershey maintains that the requirements for this claim are not met and therefore summary judgment should be granted. However, plaintiff points to the intolerable conditions of her employment that she claims meet the elements of *Stewart.* She asserts that a reasonable person would have resigned much sooner than plaintiff did, and that it was not until she feared for her life and safety that she actually did resign. In any event, this court finds that plaintiff Thomas has met her burden to demonstrate a genuine issue of material fact. Accordingly, summary judgment is denied.

## IV. BACK PAY

The final issue for this court to decide is whether the plaintiff is entitled to back pay. Section 962(b) of

the PHRA entitles her to back pay if defendant Hershey is found to have engaged in unlawful discriminatory practices. As discussed previously, this is a question of fact. Therefore, summary judgment is denied.

Accordingly, the following is entered:

## ORDER

And now, January 9, 1997, it is hereby ordered that defendant Hershey Chocolate Company's motion for summary judgment is denied. However, for the reasons outlined in the accompanying opinion, this court dismisses plaintiff's claim of discrimination on the basis of race. As to plaintiff's claim of discrimination on the basis of sex, plaintiff is granted 20 days leave to amend her complaint to assert facts which demonstrate that either defendant or Mr. Stroud discriminated against her because of her sex.